**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────────

**SONIA DOTSON,**

        **Plaintiff,**

  vs.                                      5:04-CV-1388
                                                  (NAM/ATB)

**THE CITY OF SYRACUSE, THE CITY OF**
**SYRACUSE POLICE DEPARTMENT,**
**FORMER CHIEF OF POLICE DENNIS DUVAL,**
**SGT. TIMOTHY GAY, MARK McCARDLE[1],**
**PATRICK HARRINGTON, MICHAEL RATHBUN,**

        **Defendants.**

─────────────────────────────────────────

**APPEARANCES:**                                     **OF COUNSEL:**

Bosman Law Firm, L.L.C.                   A.J. Bosman, Esq.
258 E. Genesee Street
Utica, New York 13502
*Attorney for Plaintiff*

City of Syracuse Corporation Counsel       Mary Anne Doherty, Esq.
300 City Hall                                          Shannon T. O'Connor, Esq.
Syracuse, New York 13202
*Attorneys for Defendants*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.**      **INTRODUCTION AND BACKGROUND**

      Plaintiff Sonia Dotson brought this employment action against defendants pursuant to 42 U.S.C. § 2000e *et seq*. ("Title VII"); 42 U.S.C. §§ 1981 and 1983; and the N.Y. Exec. Law § 296 ("New York Human Rights Law" or "NYHRL").  After a five-day trial in February 2010, a jury found that, after plaintiff complained about pornography in the workplace, defendants retaliated

───────────────

[1] Defendant McCardle's name is misspelled in the caption.  The correct spelling is "McArdle".

against her by requisitioning and listening to recordings of telephone calls plaintiff placed from work to her husband and Sergeant Rutha DeJesus.[2]  During these telephone conversations, plaintiff complained about being given a hard time because she did not document her medical absence properly and about  pornographic movies and magazines in the workplace.[3]  The jury awarded plaintiff $175,000.00 in compensatory damages against the City of Syracuse; $125,000.00 in compensatory damages against defendant Timothy Gay; and $150,000.00 in compensatory damages against Mark McArdle.  On March 2, 2010, plaintiff filed a motion for attorneys' fees and costs.  Dkt. No. 118.  Defendants opposed the motion and cross moved, inter alia, for the following relief: (1) judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure; or (2) a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure; or (3) an Order amending or altering the judgment and jury verdict for compensatory damages.  Dkt. No. 122.  The Court granted plaintiff's motion for attorneys' fees and costs in the amount of $48,002.59, denied defendants' motion for judgment of a matter of law and denied defendants' motion for a new trial.  Dkt. No. 143.  The Court, however, granted defendants' motion for remittitur and advised plaintiff that unless she accepted an award of compensatory damages in the amount of $50,000 it would hold a new trial on the issue of compensatory damages.  Dkt. No. 143.  Plaintiff advised the Court that she objected to the proposed remittitur and would "proceed on a new trial on damages."  Dkt. No. 145.

---

[2]The tapes of these conversations were in evidence and played at trial.

[3]At the summary judgment stage, the Court dismissed plaintiff's hostile work environment claim.  During the first trial, the Court told the members of the jury that they were not to concern themselves with the issue of whether plaintiff's work environment was hostile and that they were to confine their consideration of the case to whether defendants violated plaintiff's rights when they taped and listened to her conversations because she made a complaint about pornography.

2

The second trial began on November 15, 2011. Three witnesses testified on plaintiff's behalf: plaintiff; her husband, Lonnie Dotson, and Rutha DeJesus. Defendants presented no witnesses. During the charge conference, plaintiff's attorneys, A.J. Bosman, Esq. and Norman Deep, Esq. and defendants' attorney, Mary Ann Doherty, Esq., agreed that the jury would be asked to decide the amount of compensatory damages to which plaintiff was entitled but that it would not be asked to divide the damages among the three defendants. They further agreed that following the verdict, the Court would apportion the compensatory damages among defendants utilizing the liability percentages found by the first jury:

> MR. DEEP: That's why I'm agreeing with you that you should set the percentage and you should do it. How is it different if there's three –
>
> THE COURT: But your co-counsel doesn't want to do that.
>
> MR. DEEP: No, she just said she would if they stipulate to that. Correct, if they stipulate to those percentages?
>
> MS. BOSMAN: Right. I don't have a problem with having one lump sum award for her injury, and then you apportioning it in accordance with the prior jury's determination as long as counsel will stipulate to that.
>
> MS. DOHERTY: Is this going to be on the verdict sheet?
>
> THE COURT: Well, all the verdict sheet would be is what do you find plaintiff should be compensated for as result of the retaliation, what damages do you find she should be compensated for for her emotional distress.
>
> MS. DOHERTY: That's it. Yeah, I'm fine with that. And then after the fact you would apportion it according to -- if her counsel sought an appeal or whatever?
>
> THE COURT: I'll apportion just the way it was apportioned by the jury in the first trial.
>
> MS. DOHERTY: But there's just going to be the one line.
>
> THE COURT: The one line.
>
> MS. DOHERTY: I agree with that.

Transcript, p.201. Based on the parties' stipulation, the Court removed the instruction regarding "multiple defendants" from the jury charge, Transcript, p. 204, and submitted a verdict sheet with one question to the jury: "What amount do you award plaintiff in compensatory damages against defendants?" Dkt. No. 191.

On November 16, 2011, the jury awarded plaintiff $225,000 in compensatory damages. On November 16, 2011, the Court entered judgment reflecting the jury's award of $225,000. Dkt. No. 192. In a letter dated November 17, 2011, plaintiff requested that the court amend the amended judgment to reflect the parties' stipulation that the damages would be apportioned among defendants in accordance with the relative percentages applied by the first jury:

> Plaintiff respectfully requests that the Judgment be again amended to accurately reflect the award against each Defendant. The amended Judgment does not reflect the stipulation of the parties and the Court that the damages would be apportioned in accordance with the relative percentages as applied by the first jury. I believe the amounts break down as follows: $87,500.00 (Defendant City of Syracuse); $75,000.00 (Defendant McArdle); and $62,500.00 (Defendant Gay).

Dkt. No. 193. In a letter dated December 5, 2011, defendants responded that the "amounts in Plaintiff's letter correctly states the percentages". Dkt. No. 200. Accordingly, on December 8, 2011, the Court entered: (1) a Text Order granting plaintiffs' "Letter Request to amend the judgment" and directing the Clerk of the Court "amend[] the judgment to reflect the stipulation of the parties regarding compensatory damages"; and (2) an amended judgment showing the apportionment of compensatory damages among the three defendants.[4] Dkt. No. 201.

---

[4] According to the amended judgment, plaintiff was "awarded a total of $225,000.00 in compensatory damages broken down as follows:

City of Syracuse:      $87,500.00
Timothy Gay:           $62,500.00
Mark McArdle:          $75,000.00".

4

On December 15, 2011, plaintiff filed a notice of appeal.  Dkt. No. 204.

On December 16, 2011, defendants filed: a motion for judgment as a matter of law pursuant to Rule 50(b); a motion for a new trial pursuant to Rule 59(a); and a motion to alter or amend the judgment (a remittitur) pursuant to Rule 59(e).  Dkt. No. 206.  Plaintiff opposes defendants' motion and argues, inter alia, that is untimely.  Dkt. No. 213.  Plaintiff moves for an award of attorneys' fees and costs for the second trial.  Dkt. No. 195.  Defendants oppose plaintiff's motion.

## II.  FACTS

Familiarity with the facts of this case is assumed based on this Court's previous decisions.  *Dotson v. City of Syracuse, et. al.*, No. 5:04-CV-1388, Dkt. No. 61 (July 21, 2009); and Dkt. No. 143 (March 2, 2011).

## III.  DEFENDANTS' POSTJUDGMENT MOTIONS

The Federal Rules of Civil Procedure state that motions filed pursuant to Rule 50(b) for judgment as a matter of law and Rule 59 for a new trial must be filed no "later than 28 days after the entry of judgment."  Fed. R. Civ. P. 50(b); 59(b).  Defendants filed their postjudgment motions on December 16, 2011, 30 days after the November 16, 2011 judgment, but only 8 days after the amended judgment.  Plaintiff argues that defendants' motions are untimely because 28 day time period for filing postjudgment motions began to run when with the entry of judgment on November 16, 2011, the time period was not reset by the amendment of the judgment on December 8, 2011.

The Second Circuit has held "that when a judgment is corrected under Fed.R.Civ.P. 60(a),

---

Dkt. No. 201.

5

the time for filing postjudgment motions runs from the date of entry of the first judgment, not the second." *Hodge ex el. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001). Therefore, if plaintiff's letter request to amend the judgment to show the apportionment of damages among defendants was a motion pursuant to Rule 60(a) to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission", then the time for filing postjudgment motions began to run upon the entry of the November 16, 2011 judgment and defendants' motions are untimely.

Rule 60(a), "Corrections Based on Clerical Mistakes; Oversights and Omissions", states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." In *Hodge*, Second Circuit explained:

> Under the Federal Rules of Civil Procedure, there are three types of motions by which a judgment may be amended (as opposed to set aside): (1) a motion to "alter or amend a judgment" under Fed.R.Civ.P. 59(e); (2) a motion to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission" under Fed.R.Civ.P. 60(a); and (3) a motion for relief from the judgment under Fed.R.Civ.P. 60(b). A motion under Rule 60(a) is available only to correct a judgment "for the purpose of reflecting accurately a decision that the court actually made." *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir.1995); *accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir.1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court."); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2854 (2d ed. 1995) ("[A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.").

269 F.3d at158.

The parties agreed during the second trial that any compensatory damages awarded by the second jury would be apportioned in accordance with the percentages utilized by the first jury. The second jury awarded $225,000. The judgment entered on November 16, 2011, states:

6

> In violation of Title VII and Human Rights Law, plaintiff is awarded a total of $225,000 in compensatory damages.

In her letter request, plaintiff reminded the Court of the parties' agreement regarding the apportionment of damages, and requested that the judgment be amended to reflect that. The Court's omission of the apportionment of damages from the judgment was an oversight. The Court therefore amended the judgment to reflect the amount of damages for which each defendant was responsible. The amended judgment states:

> In violation of Title VII and Human Rights Law, plaintiff is awarded a total of $225,000 in compensatory damages. Plaintiff is awarded a total of $225,000 in compensatory damages broken down as follows:
>
> | | |
> |---|---|
> | City of Syracuse: | $87,500.00 |
> | Timothy Gay: | $62,500.00 |
> | Mark McArdle: | $75,000.00. |

Because plaintiff's letter was a request to correct the judgment to reflect the previously agreed upon percentage of damages for which each defendant was responsible, it must be characterized as a motion pursuant to Rule 60(a). Thus, the 28 day period for filing postjudgment motions began when judgment was entered on November 16, 2011 and ended on December 14, 2011. Defendants' filing of their postjudgment motions 2 days later, on December 16, 2011, was, therefore, untimely. *See Hodge*, 269 F.3d at 268 (finding that because the plaintiff's request to correct the judgment "to reflect the defendant's correct name was clearly a motion under Rule 60(a)" the amendment to the judgment did not restart the time period for filing postjudgment motions). Accordingly, defendants' motion for judgment as a matter of law and motion for a new trial are denied.

**IV.     PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

As the prevailing party, plaintiff seeks to recover attorneys' fees and costs in the amount

of $50,480.56 for services rendered by A.J. Bosman, Esq. and Norman Deep, Esq. Defendants oppose plaintiff's request arguing that the amount is excessive.

Title VII provides that, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of costs." *Bonner v. Guccione*, 178 F.3d 581, 593 (2d Cir. 1999) (citing 42 U.S.C. § 2000e-5(k)). In determining reasonable attorney's fees, the district court must calculate a "lodestar" figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The Court has "discretion in determining the amount of a fee award," and must use that discretion to make "its own assessment of what is appropriate[.]" *Luca v. County of Nassau*, 698 F.Supp.2d 296, 306 (E.D.N.Y. 2010) (internal citations omitted) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

**A.     Hourly Rate**

Plaintiff requests a fee award for: 117.45 hours of work by A.J. Bosman, at an hourly rate of $250; 38.65 hours of work by Ms. Bosman's paralegal, at an hourly rate of $85; and 56.5 hours of work performed by Mr. Deep, at an hourly rate of $250. In support of her application, plaintiff provided billing records and affidavits and from both Ms. Bosman and Mr. Deep, who are experienced attorneys.[5] Defendants assert that the hourly rates for Ms. Bosman, Ms. Bosman's paralegal, and Mr. Deep should be reduced to $210, $80 and $150, respectively; the hourly rates the Court assigned in its prior award of attorneys' fees following the first trial.

---

[5]In her previous application for attorneys' fees, plaintiff did not include evidence which indicated Mr. Deep's experience level. In support of her present application, the affidavit submitted by Mr. Deep indicates that he has been practicing in the Northern District of New York since 1994.

8

The Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). "The 'lodestar' figure should be 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'". *Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir. 1997) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)). "It is well-established that the 'prevailing community' the district court should consider is 'the district in which the court sits'". *Id*. (citing *Polk v. New York State Dep't of Corr. Servs*., 722 F.2d 23, 25 (2d Cir. 1983)). Until recently, courts in the Northern District of New York had determined that the reasonable hourly rates were "$210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Picinich v. United Parcel Serv.*, 2008 WL 1766746, at *2 (N.D.N.Y. 2008) (citing, inter alia*, New Paltz Cent. Sch. Dist. v. St. Pierre*, 2007 WL 655603, at *2 (N.D.N.Y. 2007)). The prevailing hourly rates in this District, however, are "now higher than $210." *Luessenhop v. Clinton County*, 558 F.Supp.2d 247, 266 (N.D.N.Y. 2008); *see, e.g., Lee v. City of Syracuse*, Nos. 5:03-CV-1329, 5:06-CV-949, 2012 WL 2873533, at *1 (N.D.N.Y. July 12, 2012) (applying a rate of $225 per hour for an experienced attorney and a rate of $80 per hour for a paralegal); *Broadcast Music, Inc. v. DFK Entertainment, LLC*, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (applying a rate of $270 per hour for a partner, $165 per hour for an associate, and $90 per hour for a paralegal); *Liberty Mutual Ins. Co. v. Conmas, Inc*., No. 10-CV-717, 2012 WL 913312, at *2-3 (N.D.N.Y. Mar. 16, 2012) (applying rates of $145 to $225 per hour for attorneys

9

and $85 per hour for paralegals); *Aquent, LLC v. Atlantic Energy Services, Inc.*, No. 1:09-CV-524, 2012 WL 1005082, at *3 (N.D.N.Y. Mar. 23, 2012) (applying rates of $135 to $345 per hour for attorneys). After reviewing these cases, the Court finds that the $250 hourly rates requested by plaintiffs' attorneys and the $85 hourly rate for the paralegal are within the range of rates applied in this district and therefore reasonable. The travel rates, which plaintiffs' attorneys billed at one half their hourly rate, is also reasonable. *See O'Grady v. Mohawk Finishing Prod., Inc.*, No. 96–CV–1945, 1999 WL 30988, at *6 (N.D.N.Y. Jan. 15, 1999).

    **B.**    **Vagueness**

Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Where descriptions of work done are vague and ambiguous, the Court cannot assess the reasonableness of the entries. Thus, the fees for such work can be eliminated or reduced. *Baim v. Notto*, 316 F.Supp.2d 113, 122 (N.D.N.Y. 2003) (citing *F.H. Krear & Co. v. Nineteen Named Tr.*, 810 F.2d 1250, 1265 (2d Cir.1987)). "[M]ere characterization of the type of work done, without specifying the purpose and specific subject matter of the task", are insufficient. *Parrish v. Sollecito*, 280 F.Supp.2d 145, 171 (S.D.N.Y. 2003). Descriptions of work such as "review of file", "review of documents" and "review of letters" are vague and do not permit a court to evaluate the reasonableness of the services. *See Ayers v. SGS Control Servs., Inc.*, Nos. 03 Civ. 9078(RMB), 06 Civ. 7111(RMB), 2008 WL 4185813, at *7 (S.D.N.Y. Sept. 9, 2008).

With regard to Ms. Bosman's hours, while some of the individual entries lack specificity and detail, the Court finds that such entries, when considered in the context of the entire billing

10

summary, generally establish the subject matter of the work performed. *See Cover v. Potter*, No. 05 CIV. 7039, 2008 WL 4093043, at *7 (S.D.N.Y. Aug. 29, 2008) (citing *Bridges v. Eastman Kodak*, 91 Civ. 7985, 1996 WL 47304, at *4 (S.D.N.Y. Feb. 6,1996) (declining to reduce the presumptively reasonable fee amount, notwithstanding occasional vague descriptions of work, as the records, overall, indicated reasonableness of each task and time expended)). Ms. Bosman's entries are sufficiently specific to determine the nature of the work performed.

Mr. Deep's statement of legal services contains descriptions of work performed between October 22, 2011 and November 17, 2011. For the work performed prior to the second trial, i.e., between the dates October 22, 1011 and November 14, 2011, the entries contain vague descriptions of work performed such as : "file review"; "trial preparation" and "meetings" with Ms. Bosman and plaintiff. Thus, the entries do not permit this court to conduct a meaningful review as to whether the time was reasonable or appropriate. *See Marshall v. State of New York Div. of State Police*, 31 F.Supp.2d 100, 106 (N.D.N.Y. 1998) (holding that the vague description of "prepare for trial" in time records does not adequately inform the Court of the nature and extent of the work performed and therefore provides an inadequate basis to determine the reasonableness of the claimed hours). For this reason, a reduction in the 38.5 hours Mr. Deep spent on this case during the time period prior to the second trial is warranted. The time entries with respect to travel and the trial are adequate, however.

**C.   Duplicative and Excessive**

Defendants contend that plaintiff's use of two attorneys was duplicative and the total number of hours they spent on this case was excessive. "The use of multiple attorneys [ ] is not unreasonable per se. " *Handschu v. Special Servs. Div.*, 727 F.Supp.2d 239, 251 (S.D.N.Y. 2010)

11

(citing *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F.Supp. 509, 518 (S.D.N.Y. 1984)).  "A trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks . . . on the basis of [the court's] assessment of what is appropriate for the scope and complexity of the particular litigation". *Simmonds v. New York City Dep't of Corr.*, No. 06 Civ. 5298, 2008 WL 4303474, at *6 (S.D.N.Y. Sep. 16, 2008) (citing *New York State Ass'n . v. Carey,* 711 F.2d 1136, 1146-48 (2d Cir. 1983).  It is within the discretion of the district court to determine whether the actual time expended by an additional attorney was reasonable.  *Luciano*, 109 F.3d at 117.

Mr. Deep provided an affidavit attesting to his billing entries and documenting his experience.  Mr. Deep delivered the opening statement and closing argument and questioned one of the three witnesses.  Thus, the Court finds Mr. Deep's services reasonable and necessary in this case.

Defendants argue that plaintiff should not recover fees for the 38.65 hours of work performed by Ms. Bosman's paralegal because the number of hours is excessive and was devoted to the performance of administrative tasks.  While courts generally hold that "clerical and secretarial services are part of overhead and are not generally charged to clients", tasks that are more akin to paralegal work, *Guardado v. Precision Fin., Inc.*, No. 04-CV-3309, 2008 WL 822105, at *6 (E.D.N.Y. Mar. 25, 2008) (internal citation omitted), such as the selection and redaction of trial exhibits and preparation of trial exhibits and witness binders are compensable. *See Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 541 (S.D.N.Y. 2008).

The majority of the paralegal's work on this case involved "receiving and reviewing ECF Notification[s]" containing various documents added to the docket by the Court or opposing

12

counsel. Ms. Bosman's entries also describe receiving and reviewing "ECF Notifications" of documents filed in this case. But the entries are not duplicative; they pertain to different documents. There is one entry describing a telephone call to plaintiff to schedule a meeting and one entry describing trial preparation, the organization of exhibits and motion papers for Ms. Bosman, opposing counsel and the Court. The Court finds this time reasonable.

Prior to any reduction due to the degree of success,[6] the hours reasonably expended are multiplied by the hourly rates:

| Name | Service | Rate | Hours | Total |
| --- | --- | --- | --- | --- |
| Bosman | Legal | $250 | 117.45 | $29,362.50 |
| Bosman | Travel | $125 | 4 | $500 |
| Deep | Legal | $250 | 56.5 | $14,125.00 |
| Deep | Travel | $125 | 6 | $750.00 |
| Paralegal | Legal | $85 | 38.65 | $3,285.25 |
| Paralegal | Travel | $42.50 | 4 | $170.00 |
| Total | | | | $48,192.75 |

**D.     Adjustment for Degree of Success**

Defendants seek a further reduction of plaintiff's counsel fees based upon plaintiff's limited success. Defendants argue that because plaintiff received a jury award of $225,000, "only 15%" of the $1.5 million she requested from the jury during the opening statement and closing argument, her award of attorneys fees should be reduced accordingly. If a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. *Hensley v. Eckerhart*, 461

---

[6] The Court will incorporate a reduction in the time Mr. Deep spent prior to trial when reducing for degree of success.

U.S. 424, 436 (1983).

In cases with a "single claim" or "a common core of facts", the most critical factor is the "degree of success obtained". *Hensley,* 461 U.S. at 436; *see also Dominic v. Consolidated Edison Co. of New York, Inc.*, 822 F.2d 1249, 1259 (2d Cir. 1987) ("the district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation'"). In *Farrar v. Hobby*, 506 U.S. 103, 114 (1992), the Supreme Court addressed the "degree of success" in a case where the jury awarded on $1 in nominal damages. The Court reasoned, "[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id*. at 114. The Second Circuit discussed the *Hensley* and *Farrar* holdings and concluded:

> Our circuit has thus clearly adopted the view, notwithstanding any potential question as to the scope of *Hensley* and *Farrar,* that a district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's "partial or limited success" is not restricted either to cases of multiple discrete theories or to cases in which the plaintiff won only a nominal or technical victory.

*Kassim v. City of Schenectady*, 415 F.3d 246, 256 (2d Cir. 2004).

In determining the degree of success obtained, this Court is "obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Willis v. Onondaga County Sheriff's Dep't*, No. 5:04–CV–0828 2010 WL 3338819, at *3 (N.D.N.Y. Aug. 24, 2010) (citing *Farrar*, 506 U.S. at 114 (internal quotations and citation omitted)). Plaintiff asked the jury to award $1.5 million in compensatory damages. While $225,000 is significantly less than the amount she sought, it is still a sizeable award. Moreover, this was the second trial

14

and limited to one issue. The Court has considered the number of hours worked, including those by Mr. Deep, amount sought, the narrow issue litigated, and the amount of success obtained and concludes that a 30 % reduction is warranted under the circumstances of this case. Therefore, the attorneys' fees are reduced from $48,192.75 to $33,734.93.

**E.     Costs**

Plaintiff seeks reimbursement for costs and expenses in the amount of $2,257.81. Defendants object, arguing that plaintiff has not produced any documentation to support the expenses. Expenses recoverable under Title VII are not limited to the costs taxable by 28 U.S.C. § 1920. *See Disney Enter., Inc. v. Merchant*, No. 6:05-CV-1489, 2007 WL 1101110, at *9 (N.D.N.Y. Apr. 10, 2007) (holding that delivery charges and postage are not typically recoverable under § 1920 but are recoverable under other fee shifting statutes). Out-of-pocket costs that are normally charged to clients are generally compensable in Title VII cases, even when such disbursements fall outside of 28 U.S.C. § 1920. *Cover*, 2008 WL 4093043, at *8 (citation omitted); *see also Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 05724, 2010 WL 451045, at *12 (S.D.N.Y. Feb. 9, 2010).

Section 2000e-5(k) allows plaintiff to recover most of the costs ordinarily incurred in litigating a case, regardless of whether they are recoverable under § 1920. *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08–CV–1229, 2010 WL 1930237, at *10-11 (E.D.N.Y. May 11, 2010). Accordingly, costs associated with mailings, photocopies, subpoena/witness fees, printing, messenger services, filing fees and court fees are compensable. *See Reiter v. Metropolitan Transp. Auth. of State of New York*, No. 01 Civ. 2762, 2007 WL 2775144, at *21-22 (S.D.N.Y. Sep. 25, 2007). The court has reviewed the invoices and expenses and finds that the costs are not

excessive for a case of this length and complexity. *See Manzo*, 2010 WL 1930237, at *11 (while more documentation would be preferable, the costs appeared reasonable despite the absence of full documentation). However, the Court will reduce the costs by 30% to reflect plaintiff's limited success. *See Kim v. Dial Service Inter'l Inc.,* No. 96 CIV. 3327, 1997 WL 458783, at *20 (S.D.N.Y. Aug. 11, 1997). Accordingly, plaintiff is entitled to costs in the amount of $1,580.47.

## V. CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) (Dkt. No. 206) is **DENIED**; and it is further

**ORDERED** that defendants' motion for a new trial pursuant to Fed. R. Civ. P. 59(a) (Dkt. No. 206) is **DENIED**; and it is further

**ORDERED** that defendants' motion for remittitur pursuant to Fed. R. Civ. P. 59(e) (Dkt. No. 195) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for attorneys' fees and costs (Dkt. No. 195) is **GRANTED** in the amount of $35,315.40.

**IT IS SO ORDERED.**

Date: September 28, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge