**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────────

**SONIA DOTSON,**

        **Plaintiff,**

    vs.                                    **5:04-CV-1388
(NAM/ATB)**

**THE CITY OF SYRACUSE, THE CITY OF
SYRACUSE POLICE DEPARTMENT,
FORMER CHIEF OF POLICE DENNIS DUVAL,
SGT. TIMOTHY GAY, MARK McCARDLE[1],
PATRICK HARRINGTON, MICHAEL RATHBUN,**

        **Defendants.**
───────────────────────────────────────────────

**APPEARANCES:**                                 **OF COUNSEL:**

Bosman Law Firm, L.L.C.                  A.J. Bosman, Esq.
258 E. Genesee Street
Utica, New York 13502
*Attorney for Plaintiff*

City of Syracuse Corporation Counsel      Mary Anne Doherty, Esq.
300 City Hall                                       Shannon T. O'Connor, Esq.
Syracuse, New York 13202
*Attorneys for Defendants*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION AND BACKGROUND

Plaintiff Sonia Dotson prevailed at trial in this employment action against defendants pursuant to 42 U.S.C. § 2000e *et seq*. ("Title VII"); 42 U.S.C. §§ 1981 and 1983; and the N.Y. Exec. Law § 296 ("New York Human Rights Law" or "NYHRL"). The Second Circuit affirmed

---

[1] Defendant McCardle's name is misspelled in the caption. The correct spelling is "McArdle".

the judgment of the Court and dismissed plaintiff's cross-appeal from several of the Court's orders and rulings in this matter. *Dotson v. City of Syracuse*, Nos. 11-5323-cv, 12-4443-cv, 2013 WL 6183012 (2d Cir. Nov. 27, 2013).

Presently before the Court is plaintiff's motion (Dkt. No. 238) for the attorney's fees and costs[2] she incurred while responding to: (1) defendants' motion for judgment as a matter of law or a new trial; and (2) defendants' cross-appeal from the amended judgment, which the Court entered in plaintiff's favor.[3] It is undisputed that plaintiff, as the prevailing party, is entitled to an award of attorney's fees and costs. Defendants oppose the amount plaintiff seeks, however, on the grounds that the amount is excessive, her attorney's hourly rate is unreasonable, some of the fees are duplicative and the time records are not contemporaneous, and the billing descriptions are vague. Plaintiff also requests (Dkt. No. 237) that the Court deny approval of defendants' supersedeas bond (Dkt. No. 235), which the Court required defendants to file in order to stay the action pending appeal.

## ATTORNEY'S FEES AND COSTS

---

[2]This is plaintiff's third motion for attorney's fees and costs. The Court previously awarded attorney's fees and costs in association with the two trials of this matter. *See Dotson v. City of Syracuse*, 5:04-cv-1388, 2011 WL 817499, at *34 (N.D.N.Y. Mar. 2, 2011) (granting plaintiff's motion for attorneys' fees and costs but reducing hourly rate from $275 to $210 in the amount of $48,002.59); *Dotson v. City of Syracuse*, 5:04-cv-1388 2012 WL 4491095, at *9 (Sep. 28, 2012) (approving hourly rate of $250 and granting plaintiff's motion for attorneys' fees and costs in the amount of $35,315.40).

[3]Plaintiff appealed the Court's grant of summary judgment to defendants on several of her Title VII discrimination, hostile work environment and retaliation claims. The Second Circuit, however, affirmed the Court's determination. *Dotson v. City of Syracuse*, Nos. 11-5323-cv, 12-4443-cv, 2013 WL 6183012 (2d Cir. Nov. 27, 2013). Plaintiff does not seek any attorney's fees in connection with this aspect of her appeal; her attorney's time sheets reflect work relating to defendants' cross-appeal.

As the prevailing party, plaintiff seeks to recover attorney's fees and costs in the amount of $36,096.83 for services rendered by A.J. Bosman, Esq. and her paralegal. Defendants oppose plaintiff's request arguing that the amount is excessive.

Title VII provides that, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of costs." *Bonner v. Guccione*, 178 F.3d 581, 593 (2d Cir. 1999) (citing 42 U.S.C. § 2000e-5(k)). In determining reasonable attorney's fees, the district court must calculate a "lodestar" figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The Court has "discretion in determining the amount of a fee award," and must use that discretion to make "its own assessment of what is appropriate[.]" *Luca v. County of Nassau*, 698 F.Supp.2d 296, 306 (E.D.N.Y. 2010) (internal citations omitted) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

Plaintiff requests a fee award for: 73.65 hours of work by A.J. Bosman, at an hourly rate of $350; 33.50 hours of work by Ms. Bosman's paralegal, at an hourly rate of $100; Ms. Bosman's10 hours of travel to the Second Circuit Court of Appeals in New York, New York at an hourly rate of $175; and Ms. Bosman's paralegal's 10 hours of travel to the Second Circuit at an hourly rate of $100. In support of her application, plaintiff provided billing records and an affidavit from Ms. Bosman, who is an experienced attorney. Defendants assert that the hourly rates for Ms. Bosman and her paralegal should be reduced to $250 and $80 respectively: the hourly rates the Court assigned in its prior award of attorneys' fees.

The Second Circuit has held that courts are to award the presumptively reasonable fee,

3

that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). "The 'lodestar' figure should be 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'". *Luciano,* 109 F.3d at 115 (2d Cir. 1997) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "It is well-established that the 'prevailing community' the district court should consider is 'the district in which the court sits'". *Id*. (citing *Polk v. New York State Dep't of Corr. Servs*., 722 F.2d 23, 25 (2d Cir. 1983)).

Until recently, courts in the Northern District of New York had determined that the reasonable hourly rates were "$210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Picinich v. United Parcel Serv.*, No. 5:01-CV-1868, 2008 WL 1766746, at *2 (N.D.N.Y. 2008). The prevailing hourly rates in this District, however, are "now higher than $210." *Luessenhop v. Clinton County*, 558 F.Supp.2d 247, 266 (N.D.N.Y. 2008); *see, e.g., Lee v. City of Syracuse*, Nos. 5:03-CV-1329, 5:06-CV-949, 2012 WL 2873533, at *1 (N.D.N.Y. July 12, 2012) (applying a rate of $225 per hour for an experienced attorney and a rate of $80 per hour for a paralegal); *Broadcast Music, Inc. v. DFK Entertainment, LLC*, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (applying a rate of $270 per hour for a partner, $165 per hour for an associate, and $90 per hour for a paralegal); *Aquent, LLC v. Atlantic Energy Services, Inc*., No. 1:09-CV-524, 2012 WL 1005082, at *3 (N.D.N.Y. Mar. 23, 2012) (applying rates of $135 to $345 per hour for attorneys); *Hofler v. Family of Woodstock, Inc*., No. 1:07-CV-1055, 2012 WL 527668, at *4 (N.D.N.Y. Feb. 17, 2012)

4

(applying rate of $210 in employment discrimination case); *Jimico Enterprises, Inc. v. Lehigh Gas Corp.*, 2014 WL 1239030, at *7 (N.D.N.Y. Mar. 25, 2014) (in action brought pursuant to, *inter alia*, the Petroleum Marketing Practices Act, 15 U.S.C. § 2805, awarding fees of $300 per hour for work performed by partners, $180 per hour for work performed by associates, and $80 per hour for work performed by paralegals); *Zalewski v. T.P. Builders, Inc*., No. 10–CV–876, 2012 WL 5880327, at *3 (N.D.N.Y. Nov. 21, 2012) (concluding that the following rates are reasonable in the Northern District of New York: $275 per hour for partners; $200 per hour for an attorney with more than four years experience; $170 per hour for an attorney with less than four years experience; and $90 per hour for paralegals).

After reviewing these cases, the Court concludes, as it did in its prior award of attorneys' fees, that, in this case, the following are rates are reasonable: $250 per hour for Ms. Bosman, a partner-level attorney and $80 per hour for the paralegal. The travel rates, which plaintiff's attorney billed at one-half the hourly rate, are reasonable. *See O'Grady v. Mohawk Finishing Prod., Inc*., No. 96–CV–1945, 1999 WL 30988, at *6 (N.D.N.Y. Jan. 15, 1999). The billing records indicate, however, that plaintiff's attorney billed her paralegal's travel time at the full hourly rate. Accordingly, the Court reduces that rate to $40 per hour.

Defendants argue that the time records are vague. Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Where descriptions of work done are vague and ambiguous, the Court cannot assess the reasonableness of the entries. Thus, the fees for such work can be eliminated or reduced. *Baim v. Notto*, 316 F.Supp.2d 113, 122 (N.D.N.Y. 2003) (citing

5

*F.H. Krear & Co. v. Nineteen Named Tr.*, 810 F.2d 1250, 1265 (2d Cir.1987)).

With regard to Ms. Bosman's hours, while some of the individual entries lack specificity and detail, the Court finds that such entries, when considered in the context of the entire billing summary, generally establish the subject matter of the work performed. *See Cover v. Potter*, No. 05 CIV. 7039, 2008 WL 4093043, at *7 (S.D.N.Y. Aug. 29, 2008) (citing *Bridges v. Eastman Kodak*, 91 Civ. 7985, 1996 WL 47304, at *4 (S.D.N.Y. Feb. 6,1996) (declining to reduce the presumptively reasonable fee amount, notwithstanding occasional vague descriptions of work, as the records, overall, indicated reasonableness of each task and time expended)). Thus, the Court awards the attorney's fees as follows:

| Name | Service | Rate | Hours | Total |
| --- | --- | --- | --- | --- |
| Bosman | Legal | $250.00 | 73.65 | $18,412.50 |
| Bosman | Travel | $125.00 | 10 | $1,250.00 |
| Paralegal | Legal | $80.00 | 33.50 | $2,680.00 |
| Paralegal | Travel | $40.00 | 10 | $400.00 |
| Total | | | | $22,742.50 |

Plaintiff seeks reimbursement for costs and expenses in the amount of $4,219.33. Defendants object, arguing that plaintiff has not produced any documentation to support the expenses. Expenses recoverable under Title VII are not limited to the costs taxable by 28 U.S.C. § 1920. *See Disney Enter., Inc. v. Merchant*, No. 6:05-CV-1489, 2007 WL 1101110, at *9 (N.D.N.Y. Apr. 10, 2007) (holding that delivery charges and postage are not typically recoverable under § 1920 but are recoverable under other fee shifting statutes). Out-of-pocket costs that are normally charged to clients are generally compensable in Title VII cases, even when such disbursements fall outside of 28 U.S.C. § 1920. *Cover*, 2008 WL 4093043, at *8 (citation

omitted); *see also Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 05724, 2010 WL 451045, at *12 (S.D.N.Y. Feb. 9, 2010).

Section 2000e-5(k) allows plaintiff to recover most of the costs ordinarily incurred in litigating a case, regardless of whether they are recoverable under § 1920. *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08–CV–1229, 2010 WL 1930237, at *10-11 (E.D.N.Y. May 11, 2010). Accordingly, costs associated with mailings, photocopies, subpoena/witness fees, printing, messenger services, filing fees and court fees are compensable. *See Reiter v. Metropolitan Transp. Auth. of State of New York*, No. 01 Civ. 2762, 2007 WL 2775144, at *21-22 (S.D.N.Y. Sep. 25, 2007).

The court has reviewed the invoices and expenses plaintiff submitted in support of her application and finds that the costs are not excessive for a case of this length and complexity. *See Manzo*, 2010 WL 1930237, at *11 (while more documentation would be preferable, the costs appeared reasonable despite the absence of full documentation). Several entries under "Expense", i.e., "Appendix/Brief reproduction" and "FedEx - shipping charges", however, make no distinction between the costs attributable to plaintiff's response to defendants' cross appeal and plaintiff's appeal, on which she did not prevail. The Court will therefore reduce the costs by fifty percent to reflect plaintiff's limited success. *See Kim v. Dial Service Inter'l Inc.,* No. 96 CIV. 3327, 1997 WL 458783, at *20 (S.D.N.Y. Aug. 11, 1997). Accordingly, plaintiff is entitled to costs in the amount of $2,109.56.

**SUPERSEDEAS BOND**

Plaintiff opposed (Dkt. No. 237) defendants' request for approval of their $298,000.00 supersedeas bond (Dkt. No. 235) on the grounds that it did not cover the amount of the "original

7

jury verdict", which was for $450,000, and did not cover the Court's award of attorneys' fees and costs. Plaintiff's request is denied. The supersedeas bond was sufficient to comply with this Court's Order (Dkt. No. 234). There is no indication on the docket, however, that defendants have satisfied the jury's award of $225,000 in compensatory damages as reflected in the judgment entered on November 16, 2011.

## CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's motion for attorney's fees and costs (Dkt. No. 238) is **GRANTED** in the amount of **$24,852.06**; and it is further

**ORDERED** that plaintiff's letter request (Dkt. No. 237) is **DENIED** as defendants' supersedeas bond was sufficient to comply with the Court's Order.

**IT IS SO ORDERED.**

**Date: April 30, 2014**

Norman A. Mordue
Senior U.S. District Judge